## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Progressive Health and Rehab Corp.,** | : |
| | : Case No. 2:19-CV-4710 |
| **Plaintiff,** | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | : **Magistrate Judge Jolson** |
| **Medcare Staffing, Inc.,** | : |
| | : |
| **Defendant.** | : |

### OPINION & ORDER

This matter is before the Court on Plaintiff's Placeholder Motion for Class Certification (ECF No. 2) and Defendant's Motion to Dismiss (ECF No. 22). For the reasons stated below, this Court **DENIES** without prejudice Plaintiffs' Placeholder Motion for Class Certification and **DENIES** Defendant's Motion to Dismiss. Defendant's request for an oral argument on the motion to dismiss is **DENIED**.

### I. BACKGROUND

Plaintiff, Progressive Health and Rehab Corporation ("Progressive"), is an Ohio based chiropractic clinic. Defendant, Medcare Staffing Incorporated ("Medcare"), is a Georgia based professional staffing agency. Progressive alleges it received several unsolicited faxes from Medcare that did not contain opt-out language mandated by the Telephone Consumer Protection Act ("TCPA") and the Junk Fax Prevention Act ("JFPA"). Pursuant to the TCPA and the JFPA, Progressive brought suit on behalf of itself and a nationwide class, which it defines as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business

>relationship, and/or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. §64.1200(a)(4)(iii).

(ECF No. 1 at 6).

Defendant filed a motion to dismiss alleging that the claims brought on behalf of nonresident putative class members should be dismissed, since Defendant is not subject to general jurisdiction in Ohio. (ECF No. 22). Plaintiff has filed a response opposing Defendant's Motion, arguing that it is permitted to proceed with a nationwide class. (ECF No. 24).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a complaint where the Court lacks personal jurisdiction over a defendant to the action. Plaintiff bears the burden of establishing that personal jurisdiction exists over a defendant. *Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531, 537-38 (S.D. Ohio 2012) (citing *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). Where, as here, "the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.' " *Air Prods. & Controls*, 503 F.3d at 549 (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). Plaintiff can make this showing by "establishing with reasonable particularity sufficient contacts between [the Defendants] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. California Federal Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). In deciding a Rule 12(b)(2) motion, the Court "construe[s] the facts in the light most favorable to the non-moving party," and "does not

weigh the controverting assertions of the party seeking dismissal." *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)

Where a federal court's jurisdiction over a case stems from the existence of a federal question, personal jurisdiction exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parson*, 289 F. 3d 865, 871 (6th Cir. 2002) (internal citations omitted). Personal jurisdiction over a defendant may be general or specific, depending on the nature of the defendant's contacts with the forum state. *Bird v. Parson*, 289 F. 3d 865, 873 (6th Cir. 2002).

General jurisdiction exists when a defendant's contacts are sufficiently "continuous and systematic" to justify jurisdiction over claims unrelated to those contacts. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). The "paradigm all-purpose forums" for corporate defendants are its place of incorporation or its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S.Ct. 746, 187 L.Ed.2d 624 (2015).

Specific personal jurisdiction exists over an out-of-state defendant who has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires*, 564 U.S. at 293 (quoting *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement et al.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The plaintiff must show the defendant "purposefully directed his activities at residents of the forum" and "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal quotation marks omitted).

### III. ANALYSIS

#### A. Personal Jurisdiction over Claims by Putative Non-Resident Class Members

Defendant's motion to dismiss essentially asks this Court to limit the proposed nationwide class to only Ohio residents. Defendant argues that dismissal of claims brought by non-resident putative class members as against Defendant is required since Plaintiff cannot establish that this Court has general jurisdiction over it or specific personal jurisdiction for nonresidents' claims. (ECF No. 31). Plaintiff argues that in Rule 23 class actions brought pursuant to federal law, there is no requirement that the representative Plaintiff limit the class claims to only those putative plaintiffs residing in Ohio. (ECF No. 24). Plaintiff does not dispute that this Court lacks general personal jurisdiction over Defendant, and Defendant does not contest that personal jurisdiction exists as to Plaintiff and putative class members who reside in Ohio. (ECF No. 24 at 2; No. 31 at 2). The sole issue is whether this Court can establish specific personal jurisdiction over defendant for a nationwide class where some members of the class have no connection to Ohio. *Id.* at 2.

Defendant argues that Fed. R. Civ. P. 4(k)(1)(A) and the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017) affirm the settled due process principle that courts lack personal jurisdiction over defendants for claims that do not have the required connection to the forum state. (ECF No. 24).

In *Bristol-Myers*, the Supreme Court held that due process did not permit a California state court to exercise specific personal jurisdiction over defendant for the claims of nonresidents. *Id*. at 1778. The plaintiffs in *Bristol-Myers* were a group of approximately 678

4

individuals who had taken a blood thinning medication produced by the drug company. *Id.* Most of the plaintiffs were nonresidents and did not purchase or use the medication in California. *Id*. The plaintiffs brought separate actions, but these actions were assigned as a coordinated matter to one judge. *Bristol-Myers*, 1 Cal. 5th 783, 790, 377 P.3d 874, 878 (2016). In holding that due process limits a state court's exercise of specific jurisdiction over non-residents' claims, the Supreme Court specifically left open "the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1784.

Neither this Court nor the Sixth Circuit have addressed the question of whether Bristol-Myers applies to Rule 23 class actions. The majority of lower courts and the only circuit to squarely address this issue, the Seventh Circuit, have determined that *Bristol-Myers* is inapplicable in the context of Rule 23 class actions.[1] *See Mussat v. IQVIA, Inc.*, 953 F.3d 441,

---

[1] This Court takes note of the District of Columbia Court of Appeals' recent decision in a similar matter that motions to dismiss putative class members prior to class certification are "premature" since class members are not parties to a litigation and thus not subject to dismissal until after class certification. *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 298 (D.C. Cir. 2020). That decision itself counsels in favor of denying Defendant's motion on the interim as premature. *Id*. at 298 (noting that "[a]ny decision purporting to dismiss putative class members before [class certification] would be purely advisory"). Nonetheless, this Court will take a different approach and address the merits of Defendant's motion since the issue here is not whether this court retains personal jurisdiction over absent class members, but whether this court has personal jurisdiction over Defendant for claims relating to a nationwide class. The distinction is important because jurisdiction over parties is a threshold issue and because district courts have the power to adjudicate a named plaintiff's ability to represent a class of individuals pursuant to Fed. R. Civ. P. 23(c)(1)(A). *See Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court"); *accord Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 303 (D.C. Cir. 2020) (Silberman, J., dissenting). Accordingly, this Court finds deciding this issue is not "premature" since the pleadings are "plain enough . . to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

447 (7th Cir. 2020); *Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharm., Inc.*, 353 F. Supp. 3d 678, 692 (M.D. Tenn. 2018) (collecting cases); *Summit Gardens Assocs. v. CSC Serviceworks, Inc.*, No. 1:17 CV 2553, 2018 WL 8898456, at *3 fn. 2 (N.D. Ohio June 1, 2018) (collecting cases).

This Court is persuaded by the reasoning in the Seventh Circuit's recent decision in *Mussat*. The facts of *Mussat* are almost identical to those at issue here. Mussat, the plaintiff, is an Illinois physician who received unsolicited faxes that did not contain the statutorily required opt-out notice from IQVIA, a Delaware company headquartered in Pennsylvania. Mussat brought suit pursuant to the TCPA and the JFPA on behalf of himself and a class of nationwide persons who had received junk faxes from IQVIA. IQVIA moved to strike the class definition, asserting lack of personal jurisdiction over it for the claims of nonresidents. The district court granted IQVIA's motion to strike based on *Bristol-Myers*. The Seventh Circuit reversed, holding that *Bristol-Myers* did not apply in the "case of a nationwide class action filed in federal court under a federal statute." *Mussat*, 953 F.3d at 443. The Seventh Circuit reasoned that *Bristol-Myers* is inapplicable because it arose in the context of "consolidated individual suits" not Rule 23 class actions where, "absent class members are not full parties to the case for many purposes" and are instead represented by lead plaintiffs who "earn the right to represent the interest[s]" of the absent class by fulfilling the Rule's requirements. *Id*. at 447.

*Bristol-Myers*' holding does not reach nationwide class actions because absent class members are not considered "parties" to an action for jurisdictional purposes.[2] For example,

---

[2] Absent class members are sometimes considered parties and sometimes not, this is not "an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002).

when determining whether there is complete diversity for purposes of subject matter jurisdiction, absent class members are not considered parties. *See Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) (noting that the "rule that nonnamed class members cannot defeat complete diversity is … justified by the goals of class action litigation. Ease of administration of class actions would be compromised by having to consider the citizenship of all class members"). Similarly, when assessing whether the amount in controversy requirement has been met, only the named plaintiff is required to meet the threshold amount to invoke the court's subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005). As the Seventh Circuit observed, there is "no reason why personal jurisdiction should be treated any differently from subject-matter jurisdiction." *Mussat*, 953 F.3d at 447.

Defendant cites to two recently decided cases where courts in the Northern District of Ohio determined that *Bristol-Myers* applies to Fair Labor Standards Act ("FLSA") collective actions as support for its argument that the Supreme Court's decision applies equally to Rule 23 class actions. (ECF No. 22 at 8-10) (citing *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845 (N.D. Ohio 2018) and *Rafferty v. Denny's, Inc.*, No. 5:18-CV-2409, 2019 WL 2924998 (N.D. Ohio July 8, 2019)). First, it is far from settled that *Bristol-Myers* applies to FLSA collective actions. *See Canaday v. Anthem Companies, Inc.*, No. 119CV01084STAJAY, 2020 WL 529708, at *4 (W.D. Tenn. Feb. 3, 2020) (collecting cases and noting "District Courts across the country are split on whether *Bristol-Myers* applies to FLSA collective actions").

Second, even if this Court were to accept the proposition that *Bristol-Myers* applies to FLSA collective actions, the reason for its application to those types of cases would not exist in Rule 23 class actions, which are different from other types of aggregate litigation. *Mussat*, 953 F.3d at 446–47 (citing *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008)) (noting that "[c]lass actions,

7

in short, are different from many other types of aggregate litigation, and that difference matters in numerous ways for the unnamed members of the class"). The *Bristol-Myers* plaintiffs were all actual parties to the mass action and asserting their own interests, similar to plaintiffs in collective actions. As the *Rafferty* court observed, collective and class actions are different types of actions because "a person must opt *in* to a collective action, but must opt *out* of a class action. By opting in, a member of a collective is more akin to a participant in a mass action than to a member of a class." *Rafferty v. Denny's, Inc.*, No. 5:18-CV-2409, 2019 WL 2924998, at *6 (N.D. Ohio July 8, 2019).

Defendant also argues that Fed. R. Civ. P. 4(k)(1)(A) reveals that this Court lacks personal jurisdiction against it for the claims of nonresidents. (ECF No. 22 at 4). Defendant argues that Rule 4(k) limits a court's exercise of personal jurisdiction to "to persons who can be reached by the forum state's long-arm statute." *Id*. Rule 4(k), which governs the territorial limits of effective service, states:

> (1) In General. Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
> (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
> (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
> (C) when authorized by a federal statute.

Fed. R. Civ. P. 4(k)(1). Defendant's argument misconstrues the purpose of Rule 4(k). Rule 4(k) addresses how a litigant may properly effect service in order to invoke the Court's personal jurisdiction. Rule 4(k) does nothing to alter the rules regarding which parties to a lawsuit must be served at all. *See Mussat*, 953 F.3d 441, 448 (7th Cir. 2020) (addressing similar argument regarding Rule 4(k) and noting that defendant "is mixing up the concepts of service and jurisdiction. Rule 4(k) addresses *how* and *where* to serve process; it does not specify *on whom*

process must be served"). As indicated above, putative class members are not parties to a class action for jurisdictional purposes, and nothing in Rule 4(k) speaks to that fact. This is confirmed by Fed. R. Civ. P. 82, which clarifies that the federal "rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts." Fed. R. Civ. P. 82.

Because putative class members are not parties for determining personal jurisdiction and because Defendant concedes that specific personal jurisdiction exists over it as to the claim brought by Plaintiff, this Court has specific personal jurisdiction over Medcare and can entertain the nationwide class claims. Defendant's Motion to Dismiss for lack of personal jurisdiction is **DENIED**.

### B.  Placeholder Motion for Class Certification

Plaintiff has also filed a "placeholder" motion for class certification as means of preventing Defendant from picking off "its individual claims in order to 'moot' the case before the Court can decide the issue of class certification." (ECF No. 2). Courts frequently deny such placeholder motions as premature and do not hold these motions in abeyance when they have been filed prematurely intentionally. *See Progressive Health & Rehab Corp. v. Strategy Anesthesia, LLC*, 271 F. Supp. 3d 941, 949 (S.D. Ohio 2017).

Plaintiff acknowledges that the Supreme Court's decision *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016) means that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." Plaintiff, however, believes such a motion is necessary to protect against "alternative pick-off" attempts. (ECF No. 2 at 3).

As indicated in *Campbell-Ewald* and as the Sixth Circuit has observed in subsequent decisions, courts are not receptive to a defendant's attempt to rid itself of class claims by picking off individual class representatives. *See Family Health Chiropractic, Inc. v. MD On-Line Sols.,*

9

*Inc.*, 632 F. App'x 259, 260 (6th Cir. 2016) (affirming district court's decision to deny a motion to dismiss noting that an offer of judgment does not moot a plaintiff's case); *Wilson v. Gordon*, 822 F.3d 934, 951 (6th Cir. 2016) (holding that "district court had an adequate basis on which to conclude that the "picking off" exception" to mootness applied in the case"); *Progressive Health & Rehab Corp*, 271 F. Supp. 3d 941, 950 (S.D. Ohio 2017) (noting that "courts have since recognized that 'the pick-off route is effectively closed to class defendants in the Sixth Circuit, regardless of what mechanism they employ to attempt to 'moot' the plaintiff's claim.'") (internal citations omitted).

Accordingly, Plaintiff's Placeholder Motion for Class Certification is **DENIED** without prejudice to any forthcoming motion for class certification.

## IV. CONCLUSION

For the reasons state above, this Court **DENIES** Defendant's Motion to Dismiss. Plaintiff's Placeholder Motion for Class Certification is also **DENIED** without prejudice.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 8, 2020**